UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE BANK & TRUST,

    Appellant,

v.   Case No. 06-11902

LASCELLES PINNOCK AND HELEN A.   Honorable Patrick J. Duggan
BYRD,

    Appellees.
    _____/

## ORDER GRANTING LEAVE TO APPEAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 19, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Monroe Bank & Trust's motion for leave to appeal an April 13, 2006 Order of the Bankruptcy Court, which converted the case from a proceeding under Chapter 11 of Title 11 of the United States Code to a proceeding under Chapter 7 of Title 11 of the United States Code. For the reasons set forth below, this Court shall grant Monroe Bank & Trust leave to appeal the April 13, 2006 Order.

**I.   Background**

On February 14, 2005, Lascelles Pinnock and Helen A. Byrd (the "Debtors") filed a Chapter 11 proceeding, but were unable to confirm a Chapter 11 Plan. On February 13,

2006, the Debtors moved to convert their case to a proceeding under Chapter 7. On March 2, 2006, Monroe Bank & Trust filed an Objection to Motion to Convert and moved for dismissal pursuant to 11 U.S.C. § 1112(b)(1). In their Objection, Monroe Bank & Trust asserted that permitting the conversion would deprive the creditors of the substantial assets that the Debtors had accumulated during the during the pendency of the Chapter 11 case because these assets would not be assets of the Chapter 7 estate.

On March 31, 2006, the Bankruptcy Court held a hearing on the Motion and overruled Monroe Bank & Trust's objection. On April 13, 2006, the Bankruptcy Court issued an Order converting the case to a Chapter 7 proceeding.

## II. Discussion

At the outset, this Court must determine whether the Bankruptcy Court's Order was a final or interlocutory order. Appellant incorrectly asserts that this is an appeal from a final order of the Bankruptcy Court (Br. at v.), and therefore, the order may be appealed by right to a U.S. district court pursuant to 28 U.S.C. § 158(a)(1). For purposes of an appeal, an order is final only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989). In this Court's opinion, the Bankruptcy Court's April 13, 2006 Order, which converted the case from a proceeding under Chapter 11 to a proceeding under Chapter 7 is an interlocutory order because it did not end the litigation on the merits. *See, e.g.*, *In re Hebb*, 53 B.R. 1003, 1005 (D.C. Md. 1985) (finding that an order converting a proceeding under Chapter 13 to a proceeding under Chapter 11 was interlocutory because "[t]he order did not determine the proceedings on

2

the merits, but was instead a ruling preliminary to such a disposition").

A district court may hear an appeal from a bankruptcy judge's interlocutory order where the district court grants leave to appeal. 28 U.S.C. § 158(a). However, neither 28 U.S.C. § 158(a), nor Rule 8003 of the Federal Rules of Bankruptcy Procedure state what criteria a district court should apply in determining whether to grant an appellant leave to appeal.

Generally, district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which deals with appeals of interlocutory orders from district courts to courts of appeals, to determine whether to grant leave to appeal from an order of the bankruptcy court. *In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (6th Cir. 2000); *see also In re Dino's, Inc.*, 183 B.R. 779, 781 (S.D. Ohio 1995). Section 1292(b) provides that an appeal may be taken from an interlocutory order where: 1) the order involves a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The court should also consider whether "denying leave to appeal would result in wasted litigation and expense." *In re Eggleston Works Loudspeaker Co.*, 253 B.R. at 521.

In this case, the issue of whether a debtor has an absolute right to convert a case from a proceeding under Chapter 11 to a proceeding under Chapter 7 is an issue of first impression in the Sixth Circuit. Courts have held that where, as here, a case involves questions of first impression which could provoke substantial difference of opinion, 28 U.S.C. § 1292(b) permits interlocutory appeal. *See Mueller v. First Nat'l Bank of the*

3

*Quad Cities*, 797 F. Supp. 656, 643 (C.D. Ill. 1992); *Gunter v. Hutcheson*, 492 F. Supp. 546, 565-66 (D.C. Ga. 1980); *Colon v. Tompkins Square Neighbors, Inc.*, 294 F. Supp. 134, 139-40 (D.C.N.Y. 1968).

Moreover, to avoid "wasted litigation and expense," the Court believes that this issue should be resolved before a final order is entered in the proceeding under Chapter 7 and the assets are distributed. Thus, the Court concludes that the Bankruptcy Court's Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

Accordingly,

**IT IS ORDERED** that Monroe Bank & Trust's Motion for Leave to Appeal the April 13, 2006 Order of the Bankruptcy Court is **GRANTED**.


                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Lawrence G. Reinhold, Esq.
John Tragge, Esq.
Samuel Firebaugh, Esq.
Paul Randel, Esq.