UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE BANK & TRUST,

      Appellant,

v.                                                              Case No. 06-11902

LASCELLES PINNOCK AND HELEN A.          Honorable Patrick J. Duggan
BYRD,

      Appellees.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 15, 2006.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On April 13, 2006, the Bankruptcy Court issued an Order which converted the case

from a proceeding under Chapter 11 of Title 11 of the United States Code to a proceeding

under Chapter 7 of Title 11 of the United States Code.  On June 19, 2006, this Court

granted Monroe Bank & Trust leave to appeal the Order.  Presently before the Court is

Monroe Bank & Trust's motion to have the April 13, 2006 Order vacated and the matter

remanded to the Bankruptcy Court for an evidentiary hearing on the question of whether a

dismissal or conversion of the case is in the best interests of the creditors and the estate.

## I.    Background

On February 14, 2005, Lascelles Pinnock and Helen A. Byrd (the "Debtors") filed a

Chapter 11 proceeding, but were unable to confirm a Chapter 11 Plan.  On February 13,

2006, the Debtors moved to convert their case to a proceeding under Chapter 7 pursuant

to 11 U.S.C. § 1112(a), which provides:

> (a) The debtor may convert a case under this chapter to a case under chapter 7 of this title unless--
>
> > (1) the debtor is not a debtor in possession;
> >
> > (2) the case originally was commenced as an involuntary case under this chapter; or
> >
> > (3) the case was converted to a case under this chapter other than on the debtor's request.

On March 2, 2006, Monroe Bank & Trust, one of the creditors, filed an Objection to

Motion to Convert and moved for dismissal pursuant to 11 U.S.C. § 1112(b)[1], which

provides:

> (b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, *the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate*, for cause, including -
>
> > (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
> >
> > (2) inability to effectuate a plan;
> >
> > (3) unreasonable delay by the debtor that is prejudicial to creditors;

---

[1] This case involves the provisions as they existed before the Bankruptcy Reform Act was passed in 2005.

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan;

(9) termination of a plan by reason of the occurrence of a condition specified in the plan; or

(10) nonpayment of any fees or charges required under chapter 123 of title 28.

(Emphasis added).

In their Objection, Monroe Bank & Trust asserted that permitting the conversion would not be in the best interests of creditors because it would deprive the creditors of the substantial assets that the Debtors had accumulated during the during the pendency of the Chapter 11 case because these assets would not be assets of the Chapter 7 estate. Monroe Bank & Trust was the only creditor that objected to the conversion.

On March 31, 2006, the Bankruptcy Court held a hearing on the Motion and overruled Monroe Bank & Trust's objection. At the hearing, the Honorable Philip J. Shefferly stated:

I don't think it matters whether it's in the best interest of one creditor or several creditors. I think 1112(a) sets forth a different standard than does 1112(b). And I'm referring to the provisions as they existed pre-Bankruptcy Reform Act.

1112(a) says that a debtor may convert a case under this chapter to a case under

3

Chapter 7 of this title unless one of three things. The debtor is not a debtor in possession, the case was originally filed as an involuntary [case], or the case was converted to a case under this chapter other than on the debtor's request.

All right. None of those three factors appear here. My view of it is, 1112(a) gives the debtor the right to convert period.

1112(b) . . . . addresses request for conversion or dismissal by parties in interest or the United States Trustee, . . . or a bankruptcy administrator.

And it sets forth a different standard and a number of factors for the Court to consider. I don't think those factors apply to 1112(a). I've always understood 1112(a) to confer an absolute right on the debtor to convert from 11 to 7.

(Reply Br. Ex. B, Mar. 31, 2006 Bankr. Tr. at 16-17).

On April 13, 2006, the Bankruptcy Court issued an Order converting the case to a Chapter 7 proceeding.

## II.   Standard of Review

28 U.S.C. § 158(a)(1), provides, "the district court of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of Bankruptcy judges. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

The Sixth Circuit, in *In re Caldwell*, 851 F.2d 852 (6th Cir.1988), set forth the applicable standard of review which district courts must apply in bankruptcy appeals. As to conclusions of law, the district courts apply a *de novo* standard of review. *Id.* at 857.

## III.   Discussion

In this case, the issue of whether a debtor has an absolute right to convert a case from a proceeding under Chapter 11 to a proceeding under Chapter 7 is an issue of first impression in the Sixth Circuit. In its motion, Appellant Monroe Bank & Trust argues

4

that the plain language of the statute requires the Bankruptcy Court to consider paragraph

(b), where Appellant filed an objection to the debtors' motion to convert and a motion to

dismiss, before determining whether to convert the case.

When interpreting the language of a statute, the Court must follow the rules of

statutory construction.  In construing a federal statute, the Court must assume that the

ordinary meaning of the language that Congress employed accurately expresses the

legislative purpose.  *Nixon v. Kent County*, 76 F.3d 1381, 1386 (6th Cir.1996). Therefore,

"if the words of the statute are unambiguous, the judicial inquiry is at an end, and the

plain meaning of the text must be enforced, because courts must presume that a

legislature says in a statute what it means and means in a statute what it says there. "

*Hudson v. Reno*, 130 F.3d 1193, 1199 (6th Cir. 1997) (quotation omitted).  "It is our duty

to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533

U.S. 167, 174, 121 S. Ct. 2120, 2125 (2001) (quotation omitted).

First, Appellant contends that the words "may convert" in 11 U.S.C. § 1112(a),

instead of "shall be able to convert," mean that a Bankruptcy Court is not compelled to

convert a Chapter 11 case to a case under Chapter 7 upon request of a debtor, citing *In re

Copper*, 314 B.R. 628 (2004), *aff'd* 426 F.3d 810 (6th Cir. 2005).  In *Copper*, a Chapter 7

debtor moved to convert the case to a proceeding under Chapter 13 pursuant to 11 U.S.C.

§ 706(a), which provides, in part: "(a) The debtor may convert a case under this chapter to

a case under chapter 11, 12, or 13 of this title at any time, if the case has not been

converted under section 1112, 1208, or 1307 of this title." *Id.* at 810.  The bankruptcy

court denied the debtor's motion because it found that the debtor's request for conversion

was made in bad faith.  *Id.*

On appeal, the debtor argued that he had an absolute right to convert.  *Id.*  The Sixth

Circuit held that a debtor does not have an absolute right to convert under the language

set forth in 11 U.S.C. § 706(a).  The Court reasoned:

> [Section] 706 uses the word "may" meaning "might" or "used to express
> possibility" or used to express opportunity or permission."  Random House
> Unabridged Dictionary 1189 (2d ed. 1993).  If Congress had intended to leave
> the bankruptcy courts with absolutely no discretion in the matter, it would
> have used the more mandatory phrase of "shall be able to convert." . . . .
> Therefore, we find that the plain language of § 706(a) does not grant an
> absolute right to convert.

*Id.* at 816.

Although the statute in *Copper* involved a different section of the Bankruptcy Code

and the debtor in that case was attempting to convert the proceedings from Chapter 7 to

Chapter 13, the Court finds that the Sixth Circuit's reading of the statutory language

applies in this case.  Like the provision in *Copper*, in this case § 1112(a) provides that the

debtor "may convert" the case.  Thus, "the statutory language [of § 1112(a)] clearly states

that a debtor 'may' convert his case, but does not state that the Court 'shall' honor his

request."  *In re Alder*, 329 B.R. 406, 408-09 (S.D.N.Y. 2005).  Therefore, the plain

language of § 1112 does not grant the debtor an absolute right to convert.

Appellant Monroe Bank & Trust also argues that subsection (a) must be read in

conjunction with subsection (b), which creates a further exception and condition under

which a Chapter 11 debtor may convert its case to a Chapter 7 case.  Appellant argues

that if paragraph (a) confers an "absolute right to convert" on the debtor, then paragraph

(b) is meaningless.  Appellant argues that where a motion to convert is brought under

paragraph (b) and the Court finds that it is in the best interests of the creditors and the estate to dismiss the case, the debtor could vacate this ruling simply by exercising his absolute right to convert under paragraph (a).

Furthermore, in determining whether to read subsections (a) and (b) together, this Court finds that *In re Alder*, 329 B.R. 406 (S.D.N.Y. 2005) is instructive.  In *Alder*, the court held that a Chapter 11 debtor does not have an absolute right to convert a Chapter 11 case to a proceeding under Chapter 7 pursuant to § 1112(a), and set aside the Bankruptcy Court's Order.  329 B.R. at 408-09.  The court then applied § 1112(b) to determine whether dismissal was warranted for "cause."  *Id.* at 409-10.  The court found that the sole motive for the debtor's conversion motion was to avoid dismissal of his Chapter 11 proceeding pursuant to a pending motion to dismiss filed by the United States Trustee.  *Id.* at 410.

In their response, Appellees argue that the facts of *Alder* are distinguishable from the instant case because Monroe Bank & Trust never filed a motion to dismiss Debtors' Chapter 11 case pursuant to 11 U.S.C. § 1112(b), but only filed an objection to the Debtors' motion to convert.  However, at the hearing on March 31, 2006, counsel for the debtors stated:

> [A]s a brief procedural matter, there was a response filed [to the motion to convert] which was partially couched as a - - as a motion to dismiss, although there was no notice and no opportunity.

> I would rather than prolong this proceeding and have the Court possibly adjourn this and consider what the Court may construe as a motion, I'll waive notice if the Court wants to consider that today, that's perfectly acceptable.

(Reply Br. Ex. B, Mar. 31, 2006 Bankr. Tr. at 4).  Thus, for the purposes of this appeal,

the Debtors have acknowledged that Appellant filed a motion to dismiss and have waived any argument that they did not receive proper "notice" of such a motion.

In this case, the Bankruptcy Court erroneously held that 11 U.S.C. § 1112(a) confers an absolute right of conversion upon the Debtors, despite the fact that Monroe Bank & Trust filed an objection to the motion and a motion to dismiss. A motion to dismiss pursuant to 11 U.S.C. § 1112(b) requires the bankruptcy court to engage in a two-step analysis. *Rollex Corp. v. Assoc. Materials, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994). The first step is "to determine whether 'cause' exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and [the second step is] to determine which option is in 'the best interest of creditors and the estate.'" *Id.*

Accordingly,

**IT IS ORDERED** that the April 13, 2006 Order of the Bankruptcy Court which converted the case from a proceeding under Chapter 11 of Title 11 of the United States Code to a proceeding under Chapter 7 of Title 11 of the United States Code is **VACATED** and the matter is **REMANDED** to the Bankruptcy Court for an evidentiary hearing on the question of whether a dismissal or conversion is in the best interest of the creditors and the estate.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Lawrence G. Reinhold, Esq.
John Tragge, Esq.
Samuel Firebaugh, Esq.
Paul Randel, Esq.

8

9